**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIE RICHTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:15-cv-8266 |
| § | |
| METROPOLITAN LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Marie Richter, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefit plans" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Benefit Plan constitutes a "plan under ERISA.

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor Regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted  and this matter is now properly before this court for judicial review.

3. Venue is proper within the Southern District of New York pursuant to 29 U.S.C. § 1132 (e)(2) as a district in which the Defendant may be found and where the plan is administered.

## PARTIES

4. Plaintiff, Marie Richter, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Nassau County, New York.

5. Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), is an insurance company, whose headquarters is located in New York County in New York. MetLife is an insurance company authorized to transact the business of insurance in the state of New York, and may be served with process by mailing a copy of the summons and this pleading to the Superintendent of Financial Services at: New York State Department of Financial Services, Corporate Affairs Unit, One Commerce Plaza, Albany, NY 12257.

6. Defendant MetLife is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 117405-1-G.

## FACTS

7. MetLife is the Plan Administrator of the ERISA disability plan described herein, and administers the Plan from its headquarters in Manhattan, New York, or New York County, New York.

8. Plaintiff was employed by CSC Holdings, LLC in its Jericho, New York location, as technical support representative.

9. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy No. 117405-1-G, issued by MetLife to CSC Holdings, LLC.

10. The provision of group long term disability insurance coverage to employees of CSC Holdings, PLLC constitutes an ERISA welfare benefit plan ("Plan").

11. Plaintiff is a participant or beneficiary of the Plan.

12. Plaintiff ceased working on January 5, 2013 as a result of symptoms caused by mixed connective tissue disorder, fatigue, anemia, anticardiolipin syndrome, headaches, panic attacks, double vision, as well as chronic joint and muscle pain.

13. When Plaintiff ceased working on January 5, 2013, she was covered under the terms of the Plan.

14. Plaintiff has continued to suffer from symptoms of headaches, severe fatigue, chronic pain, and generalized weakness.

15. Plaintiff filed an application for long-term disability benefits under the Plan, and was initially awarded benefits, effective July 5, 2013.

16. By letter dated October 22, 2014, MetLife terminated Plaintiff's long-term disability benefits, stating that physical examination findings in her medical records were normal and no objective evidence supported the continued inability to perform her own job as a technical support representative, which it classified as "sedentary" in terms of physical demand.

17. Represented by the undersigned, Plaintiff appealed Defendant's termination of her benefits by letter dated April 17, 2015.  With her appeal, Plaintiff submitted additional evidence in support of her disability, including medical records from four treating physicians and a formal medical opinion from Dr. Anthony Anzalone, Plaintiff's treating psychologist.  In addition, medical records were submitted in support of her various physical conditions, including records from her hematologist,

        detailing her anemia, weakness and fatigue; her cardiologist, detailing her tachycardia; and her neurologist, including diagnostic imaging of her spine that revealed impairment at every level of her spine.

18. In response to Plaintiff's appeal and evidentiary submission, including support from her multiple physicians, MetLife notified Plaintiff by letter dated July 27, 2013 that her medical records had been reviewed by an independent medical consultant, Dr. Dorothy Nicholson, a physician Board Certified in Rheumatology and Internal Medicine. Without ever conducting one physical examination of the client, Dr. Nicholson concluded that the Plaintiff is able to perform her own job, but could not perform work at a more physically demanding level, due to her complaints of fatigue and myalgias/arthralgias. Dr. Nicholson also stated that there was no basis for Plaintiff's diagnosis of mixed connective tissue disorder or antiphospholipid syndrome.

19. In response to the medical consultant's report, Plaintiff submitted a letter to MetLife, dated August 11, 2015, stating that objective evidence, including positive ANA factors on repeat bloodwork, as well as the opinions of two separate rheumatologists, supported Plaintiff's diagnosis of mixed connective tissue disorder. Plaintiff also stated that Ms. Richter has been treated for this disease by more than one specialist for several years, and the mixed connective tissue disorder is a disease best diagnosed upon physical examination.

20. MetLife issued a second denial of Plaintiff's LTD benefits by letter dated August 27, 2015.

21. In support of its August 27, 2015 denial of benefits, MetLife cites to Dr. Nicholson's report, as well as that of an unnamed medical consultant, allegedly Board Certified in Psychiatry. MetLife's denial letter states that the peer-reviewing psychiatrist concluded that the Plaintiff's psychological symptoms did not result in severe restrictions and limitations. As support for this contention, the medical consultant allegedly states that the Plaintiff would be expected to be pursuing a more aggressive treatment regimen for her psychological symptoms, including referral to a psychiatrist.

22. MetLife's August 27, 2015 letter states that the Plaintiff exhausted her administrative remedies under the Plan.

23. Plaintiff has exhausted her administrative remedies under the Plan.

24. MetLife has been and continues to be disabled as defined by the provisions of the Plan.

25. MetLife would pay any benefits due out of its own funds.

26. MetLife was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

27. MetLife allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

28. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

29. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

30. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

31. The decisions to deny benefits were wrong under the terms of the Plan.

32. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

33. The decisions to deny benefits were not supported by substantial evidence in the record.

34. As a direct and proximate result of the aforementioned conducted of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

35. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any

other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 20th day of October, 2015.

                              Respectfully submitted,

                              ERIC BUCHANAN & ASSOCIATES, PLLC

                              BY:    *s/Rachael Pas*
                                       Rachael Pas (TN #031257)
                                       P.O. Box 11208
                                       Chattanooga, TN 37401
                                       (423) 634-2506