UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIE RICHTER,             15 CV 8266 ((LAK) (DCF)

          Plaintiff,

                                                                 **ANSWER TO COMPLAINT**

-against-

METROPOLITAN LIFE INSURANCE         DOCUMENT
COMPANY,                                                     ELECTRONICALLY FILED

          Defendant.
------------------------------------------------------------X

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

Denies each and every allegation contained in the unnumbered paragraph at the beginning of plaintiff's Complaint.

## JURISDICTION AND VENUE

FIRST: Admits the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint.

SECOND: Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Plaintiff has exhausted available administrative remedies under the governing employee welfare benefit plan.

THIRD: Admits the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint.

## PARTIES

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

82724827v1

FIFTH: Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Defendant MetLife is an insurance company whose headquarters is located in New York County in New York and that MetLife is an insurance company authorized to transact the business of insurance in the state of New York.

SIXTH: Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the CSC Holdings, LLC Long Term Disability benefit plan (the "Plan") documents for the terms, conditions, limitations and exclusions set forth therein, except admits that MetLife was the claim administrator for the Plan, vested with full discretionary authority to determine claims for benefits and to interpret all Plan terms and further admits that MetLife issued to CSC Holding Inc. a group policy of insurance, No. 117405-1-G, to fund benefits under the Plan and that MetLife issues benefit payments under the Plan to participants whose claims are approved pursuant to the terms of the Plan.

SEVENTH: Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint.

EIGHTH: Admits the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint.

NINTH: Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admit that Plaintiff was enrolled as a participant in the Plan and that benefits under the Plan were funded by a group policy of insurance, Policy No. 117405-1-G, issued by MetLife to CSC Holdings LLC.

TENTH: Admits the truth of each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH: Admits the truth of each and every allegation contained in paragraph "11" of the plaintiff's Complaint.

TWELFTH: Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits Plaintiff ceased working on January 5, 2013.

THIRTEENTH: Admits the truth of each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

FOURTEENTH: Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTEENTH: Admits the truth of each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein except admits that by letter dated October 22, 2014, MetLife terminated Plaintiff's long-term disability benefits.

SEVENTEENTH: Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits Plaintiff filed an appeal of MetLife's initial adverse benefit determination.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated August 27, 2015, MetLife advised Plaintiff that it had upheld its initial adverse benefit determination following its full and fair review of her claim on administration appeal.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated August 27, 2015, MetLife advised Plaintiff that it had upheld its initial adverse benefit determination following its full and far review of her claim on administration appeal.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and

circumstances recorded therein, except admits that by letter dated August 27, 2015, MetLife advised Plaintiff that it had upheld its initial adverse benefit determination following, its full and fair review of her claim on administration appeal.

TWENTY-FIRST:   Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated August 27, 2015, MetLife advised Plaintiff that it had upheld its initial adverse benefit determination following, its full and fair review of her claim on administration appeal.

TWENTY-SECOND:   Admits the truth of each and every allegation contained in paragraph "22" of the plaintiff's Complaint.

TWENTY-THIRD:   Admits the truth of each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

TWENTY-FOURTH:   Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

TWENTY-FIFTH:   Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that benefits under the Plan were funded by a group policy of insurance, Policy No. 117405-1-G, issued by MetLife to CSC Holdings LLC.

TWENTY-SIXTH:   Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint.

TWENTY-SEVENTH:   Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint.

## FIRST CAUSE OF ACTION

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

TWENTY-NINTH: Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

THIRTIETH: Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST: Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

THIRTY-SECOND: Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

THIRTY-THIRD: Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint.

THIRTY-FOURTH: Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint.

THIRTY-FIFTH: Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-SIXTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in the Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH:  MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the LTD Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

THIRTY-NINTH:   All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

FORTIETH:  MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

FORTY-FIRST:   Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

FORTY-SECOND:   Defendant MetLife as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the LTD Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the LTD Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant MetLife's

decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FORTY-THIRD: To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the LTD Plan as of the date MetLife determines she was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different LTD Plan requirements, exclusions and/or limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the LTD Plan.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: If Plaintiff is entitled to any payment of benefits, which defendants deny, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: To the extent a response is required, MetLife hereby denies all allegations set forth in the subheadings to plaintiff's Complaint.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;

2. That defendants, MetLife be awarded costs of suit incurred herein;

3. That defendants, MetLife be awarded reasonable attorney's fees; and

4. That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 27, 2016

Respectfully submitted,

s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T: 212.422.0202 | F: 212.422.0925
*Attorneys for Defendant*
*METROPOLITAN LIFE INSURANCE COMPANY*

TO: Rachel Pas (Pro Hac Vice)
ERIC BUCHANAN AND ASSOCIATES, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
(423)-634-2506
*Attorneys for Plaintiff*

82724827v1